

AO 91 (Rev. 11/11) Criminal Complaint

FILED IN OPEN COURT
ON 6-28-18
Peter A. Moore, Jr., Clerk
US District Court
Eastern District of NC
SDF

# UNITED STATES DISTRICT COURT
for the
Eastern District of North Carolina

| | |
|---|---|
| United States of America<br>v.<br>Oscar Obdulio Lopez-Garcia<br>a/k/a "Marcos Javier Montes," "Juan Carlos Lopez,"<br>and "Homero Pelaez"<br><br>*Defendant(s)* | )<br>)<br>) Case No. 4:18-MJ-1035<br>)<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __June 26, 2018__ in the county of __Lenoir__ in the __Eastern__ District of __North Carolina__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. § 1326(a) and (b)(1) | The defendant, an alien, was found in the United States after having previously been denied admission, excluded, deported and removed from the United States on January 13, 1994, at Los Angeles, California, on April 15, 2015, at Columbus, Georgia, on June 9, 2016, at Brownsville, Texas, and again on October 19, 2016, at Brownsville, Texas, subsequent to a felony conviction, and not having obtained the express consent of the Attorney General, or his successor, the Secretary of Homeland Security, to reapply for admission thereto. |

This criminal complaint is based on these facts:

please see attached affidavit

☒ Continued on the attached sheet.

_____
*Complainant's signature*

Frederick Tarry, Deportation Officer, ICE
*Printed name and title*

On this day, Frederick Tarry appeared before me, ~~via reliable electronic means,~~ was placed under oath, ~~and~~ attested to the contents of this Complaint, and signed it in my presence.

Date: 6/28/18

_____
*Judge's signature*

City and state: Greenville, North Carolina

KIMBERLY A. SWANK, U.S. Magistrate Judge
*Printed name and title*

sk

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA

AFFIDAVIT

1. I, Frederick Tarry, having been duly sworn, do hereby depose and state: I am a Deportation Officer with the Department of Homeland Security, Immigration and Customs Enforcement (ICE), formerly known as the Immigration and Naturalization Service (INS), assigned to the Raleigh, North Carolina office. I have been employed by ICE for over 11 years, since September 17, 2006. My duties routinely include the investigation of violations of the federal criminal statutes concerning immigration offenses, including the reentry of illegal aliens into the United States.

2. This affidavit is submitted as evidence of probable cause supporting the arrest warrant for Oscar Obdulio Lopez-Garcia, also known as "Marcos Javier Montes," "Juan Carlos Lopez," and "Homero Pelaez," (here after referred to as "LOPEZ") for reentry by an alien previously removed subsequent to a felony conviction in violation of Title 8 U.S.C. § 1326(a) and (b)(1). This affidavit does not set forth all information known to your affiant about this case and is being submitted for the purpose of providing sufficient information to establish probable cause.

3. In the course of investigating this matter, I have obtained information through law enforcement channels and the official Alien File (A-File) numbered A070 817 261. This file is maintained in the

1

name of Oscar Obdulio Lopez-Garcia and contains this individual's biographical information, family history, records of encounters with ICE, conviction records, photographs and fingerprints. Based on the review of documents from this A-File, I have concluded that it does in fact pertain to the defendant in this matter.

4. The A-File reflects the following information relative to this individual:

    a. LOPEZ is a citizen and national of Guatemala.

    b. His date of birth is XXX XX, 1965, and his name is correctly reflected in this affidavit and the complaint to which it is attached.

    c. LOPEZ, on or about March 7, 1989, entered the United States near San Ysidro, California, and was not inspected or admitted by an immigration official.

    d. LOPEZ was, on October 29, 1993, convicted and sentenced to 180 days in the Los Angeles County Superior Court for violation of the California Health and Safety Code § 11352(a), Sale of a Controlled Substance, a felony.

    e. LOPEZ was, on December 29, 1993, ordered deported from the U.S. to Guatemala by an immigration judge at Phoenix, Arizona.

    f. LOPEZ was, on January 13, 1994, deported from the

2

U.S. to Guatemala at Los Angeles, California, after he was warned of the penalties for reentry, per Form I-294.

g. LOPEZ, of his own volition, reentered the United States on an unknown date at an unknown place, and did so without obtaining the express consent of the Attorney General, or his successor the Secretary of Homeland Security, to reapply for admission.

h. LOPEZ was, on June 23, 2004, encountered by ICE agents at the Los Angeles County Jail and identified as a deportable alien. LOPEZ claimed to have a pending application and was served a Notice to Appear before an immigration judge.

i. LOPEZ was, on November 15, 2005, ordered removed from the U.S. to Guatemala by an immigration judge at Los Angeles, California. This decision was appealed and, on June 15, 2007, that appeal was denied by the Board of Immigration Appeals.

j. LOPEZ was, on March 10, 2015, located by ICE in Wayne County, North Carolina pursuant to an arrest on March 9, 2015 for Driving While Impaired. Fingerprints submitted from the county jail biometrically matched LOPEZ.

3

k. LOPEZ was, on April 15, 2015, removed from the U.S. to Guatemala at Columbus, Georgia, after he was warned of the penalties for reentry, per Form I-294.

l. LOPEZ was, on June 3, 2016, arrested near Salinas, Texas by U.S. Border Patrol agents after he illegally entered the U.S. from Mexico on or about May 28, 2016 near Hidalgo, Texas. LOPEZ was biometrically matched to his prior immigration and criminal history, and the prior order of removal was reinstated.

m. LOPEZ was, on June 9, 2016, removed from the U.S. to Guatemala at Brownsville, Texas, after he was warned of the penalties for reentry, per Form I-294.

n. LOPEZ was, on September 11, 2016, arrested by U.S. Border Patrol agents near Roma, Texas after he illegally entered the U.S. from Mexico. LOPEZ was biometrically matched to his prior immigration and criminal history, and the prior order of removal was reinstated.

o. LOPEZ was, on September 13, 2016, convicted of Illegal Entry in violation of Title 8 U.S.C. §

1326(a)(1) in the Southern District of Texas, McAllen Division, and was sentenced to 30 days confinement.

    p. LOPEZ was, on October 19, 2016, removed from the U.S. to Guatemala at Brownsville, Texas, after he was warned of the penalties for reentry, per Form I-294.

    q. LOPEZ, of his own volition, reentered the United States on an unknown date at an unknown place, and did so without obtaining the express consent of the Attorney General, or his successor the Secretary of Homeland Security, to reapply for admission.

5. A search of ICE databases reveals that LOPEZ did not seek permission of the United States Attorney General to reenter as required by 8 U.S.C. § 1360(d).

6. On January 17, 2018, ICE received a call from an informant who provided information about the whereabouts of LOPEZ. This lead was not confirmed by biometrics so an investigation was initiated.

7. On June 26, 2018, LOPEZ was arrested in Lenoir County, North Carolina by ICE officers without incident outside of his residence in Kinston. A complete set of fingerprints were taken and submitted to DHS and FBI databases resulting in a positive biometric match for a previously removed alien. LOPEZ is currently held in

ICE custody at the Wake County Detention Center pending removal.

8. Based on all the foregoing, I, Frederick Tarry, believe that there is ample probable cause to conclude that Oscar Obdulio Lopez-Garcia is in fact guilty of illegal reentry into the United States by an alien previously removed subsequent to a felony conviction in violation of Title 8 U.S.C. § 1326(a) and (b)(1), and respectfully ask that the Court issue a warrant ordering his arrest for such crime.

Further your Affiant sayeth not.

_____
Frederick Tarry
Deportation Officer
Immigration & Customs Enforcement

On this 28th day of June 2018, Deportation Officer Frederick Tarry appeared before me ~~via reliable electronic means,~~ was placed under oath, ~~and~~ attested to the contents of this affidavit, and signed it in my presence.

_____
KIMBERLY A. SWANK
United States Magistrate Judge
Eastern District of North Carolina

6